# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHADWICK MILLER, | ) | CASE NO. 5:19-cv-2618 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| MT. EATON POLICE DEPT. | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Chadwick Miller ("plaintiff") brings this action against the Mt. Eaton Police Department ("defendant") pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff moves to proceed with this action *in forma pauperis* (Doc. No. 2.) For the reasons that follow, that motion is denied. Plaintiff's motion for appointment of counsel is also denied. (Doc. No. 4.)

## I. Background

Plaintiff alleges that, on October 17, 2019, he received a traffic ticket for speeding in a school zone by a Mt. Eaton police officer. Plaintiff contends he is a terrorist victim of thought reading transmission technology installed on him against his will to cause him mental harm and end his life. He indicates he notified the FBI of the stop and the officer's "blatant participation of mental abuse with head tilts to try and influence [his] mind and life in a downward trajectory, as they constantly tell [him he is] too high." (Doc. No. 1-4 at 12[1].) He states he is unwilling to be trafficked by those who support terrorism. He contends he attempted to retain counsel but almost all attorneys participate in mental abuse by impersonating people from his past. He indicates he showed up for court on October 28, 2019 intending to plead not guilty. The ticketing officer was

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

also present. Plaintiff engaged in a discussion with the officer and informed him of his work with the FBI as a terrorist victim. He indicates the officer became upset, denied using the brain transmission technology and then impersonated people from his past. Plaintiff contends he entered a guilty plea because he believed a plea of not guilty would have led to an attempt on his life. He does not identify any specific legal claims but seeks twenty million dollars in damages.

Plaintiff is a familiar litigant in the Northern District of Ohio. In addition to the instant action, he filed the following actions, which are currently pending: (1) *Miller v. Holmes County Sheriff Department*, Case No. 5:20-cv-00225; (2) *Miller v. Fidelity Investments*, Case No. 1:20-cv-00048; (3) *Miller v. Citizens Securities, Inc.*, Case No. 5:20-cv-00394; and (4) *Miller v. Coleman Professional Services*, Case No. 5:19-cv-02832. In all the pending cases, plaintiff seeks to proceed *in forma pauperis*. Plaintiff also brought seven cases that were dismissed on screening pursuant to 28 U.S.C. § 1915(e): (1) *Miller v. Akron Bar Association, Attorney Referral*, Case No. 5:19-cv-01334; (2) *Miller v. Akron Police Department*, Case No. 5:19-cv-01335; (3) *Miller v. Jackson Police Department*, Case No. 5:19-cv-01371; (4) *Miller v. Fidelity Investments*, Case No. 1:19-cv-01526; (5) *Miller v. Federal Bureau of Investigation*, Case No. 5:19-cv-01620; (6) *Miller v. State of Ohio, Stark County Prosecutors Office*, Case No. 5:19-cv-01868; (7) *Miller v. U.S. Marshal Serv.*, Case No. 5:19 CV 2648. In all six cases, plaintiff sought and received permission to proceed *in forma pauperis*. Moreover, all of these actions have the same basic allegations, namely that plaintiff is a victim of terrorism through thought reading transmission technology installed on him against his will.

Up to this point, the courts in the Northern District of Ohio have been tolerant of plaintiff's meritless lawsuits and have allowed them to proceed without payment of the filing fee. There comes a time, however, when the Court cannot permit plaintiff to continue filing frivolous lawsuits

at taxpayer expense. "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 993, 103 L. Ed. 2d 158 (1989). The Court's ability to perform its duties is compromised when it is forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80, 111 S. Ct. 596, 112 L. Ed. 2d 599 (1991).

After a review of plaintiff's conduct in this and other cases filed in the Northern District of Ohio, this Court has determined that it is necessary to impose some restrictions on plaintiff's ability to continue in this manner. As an initial matter, plaintiff did not pay the filing fee. Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (citing *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 342-43, 69 S. Ct. 85, 93 L. Ed. 43 (1948)). Proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir.1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir.1991); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010). Federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir.1989) (per curiam); *Levy v. Macy's, Inc.*, No. 1:13-cv-148, 2014 WL 49188, at *4 -5 (S.D. Ohio Jan. 7, 2014); *Hopson v. Secret Service*, No. 3:12CV-770-H, 2013 WL 1092915, at *1-3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-cv-1023, 2010 WL 2384535, at *2-3 (W.D.

Mich. June 10, 2010). Plaintiff has abused that privilege with his seven previous actions. He may not proceed with this action unless he pays the entire filing fee.

## IV. <u>Conclusion</u>

For all the foregoing reasons, plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is denied and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith. Plaintiff may reopen this action within thirty (30) days by first paying the entire filing fee of $400.00, and then filing a Motion to Reopen. The Court will not accept any additional documents for filing, including the Motion to Reopen, unless and until the filing fee is paid in full. The Clerk's Office is instructed to return unfiled any motion or document that is submitted without payment of the entire filing fee.

**IT IS SO ORDERED**.

Dated: March 23, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**